UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NATIONAL MENTOR HEALTHCARE,
LLC d/b/a FLORIDA MENTOR; LILLIAN
TORRES; and NANCY NIEMANN,

           **Plaintiffs,**

-vs-                                              Case No. 6:11-cv-1075-Orl-31GJK

COMMUNITY BASED CARE OF
BREVARD, INC. d/b/a BREVARD
FAMILY PARTNERSHIP,

           **Defendant.**

## ORDER

This matter comes before the Court without a hearing on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3). The Defendant has not filed a response.

According to the motion, National Mentor Healthcare, LLC d/b/a Florida Mentor ("Florida Mentor") operates a total of 33 foster homes in Brevard County and provides residential care at some of them. The individual plaintiffs operate two of those foster homes. Florida Mentor contracted with the Defendant to provide residential care at some of the 33 homes operated by Florida Mentor. The Defendant has terminated the contract effective July 1, 2011[1] and has demanded that Florida Mentor cease operating all 33 homes as of that date.

---

[1] In the complaint, Florida Mentor asserts that the contract between Florida Mentor and the Defendant "expires on June 30, 2011." (Doc. 1 at 4). In addition, the Court notes that Florida Mentor is not asserting a claim for breach of contract against the Defendant.

Florida Mentor contends that the Defendant's actions violate the Medicaid freedom of choice provision, 42 U.S.C. § 1396a(a)(23), and a similar state law provision, Florida Statute § 409.1671(1)(e). Florida Mentor also argues that the Defendant is tortiously interfering with the contracts it has in place with the foster parents at the 33 homes and with the sources who provide the funding for its services. The company seeks a temporary restraining order or, in the alternative, a preliminary injunction on less that 14 days' notice.

After reviewing the pertinent documents, the Court finds that the Plaintiffs have not established an entitlement to either a temporary restraining order or a short-notice preliminary injunction. First, the Plaintiffs have not shown that they timely sought to protect their rights. They have not indicated the date on which they learned that the contract with the Defendant would terminate as of July 1 or recounted any actions taken between that date and the filing of this suit and motion. Second, on this record the Plaintiffs have failed to demonstrate a substantial likelihood of success on the merits. Among other problems, there is no indication as to why the Defendant failed to renew the contract.

In consideration of the foregoing, it is hereby

**ORDERED** that, insofar as the Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3) sought a temporary restraining order or a short-notice preliminary injunction, it is **DENIED**; and it is further

**ORDERED** that the Plaintiffs shall expeditiously serve the Defendant with a copy of the Complaint, the Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3); and it is further

**ORDERED** that the Defendant shall file a written response to the instant motion on or before July 15, 2011.

In addition, **TAKE NOTICE** that the Court will conduct a preliminary injunction hearing regarding the instant motion on Tuesday, July 19, 2011 at 9:30 a.m. A formal notice of hearing will follow.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 29, 2011.

                                                **GREGORY A. PRESNELL**
                                               **UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party